# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ALI ANTONIO PEREZ OROPEZA,

    Petitioner,

    v.

CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, et al.,

    Respondents.

Case No.:  3:26-cv-00656-BTM-DEB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

Pending before the Court is Ali Antonio Perez Oropeza's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the petition and orders the Respondents to provide him with an individualized bond hearing before a fair, neutral, and open-minded immigration judge.

## I.  BACKGROUND

Perez arrived at the U.S. border on June 17, 2023.  (ECF No. 7-1, Ex. A ("Decl."), ¶ 2.)  Nearly two years later on May 29, 2025, Perez attended a hearing in immigration court.  (*Id.* ¶ 3.)  After Perez left the courtroom, he was arrested by U.S. Immigration and

26-cv-656

Customs Enforcement agents.  (*Id.*)  The agents neither informed Perez why he was arrested nor provided him an opportunity to rebut his arrest.  (*Id.*)

By September 2, 2025, Perez had applied for asylum.  (ECF No. 7-2, Ex. B.)  On January 28, 2026, the Respondents moved the immigration court to pretermit Perez's asylum application and remove him to Ecuador.  (ECF No. 7-3, Ex. C ("DHS Mot.").)  On February 10, 2026, the immigration court granted the motion and ordered Perez removed to Ecuador.  Perez has since appealed the decision to the Board of Immigration Appeals.  (Decl., ¶ 6.)

Perez has been in custody for about nine months and has not received a bond hearing.  (*See id.* ¶ 3, 7.)  He remains detained at Otay Mesa Detention Center.  (*See id.* ¶ 8.)  He filed a petition for the writ of habeas corpus on February 2, 2026, and an amended petition on February 23, 2026.  (ECF No. 1; ECF No. 7 ("Am. Pet.").)

## II.    DISCUSSION

Perez makes two claims.  First, he argues that the Respondents violated the Immigration and Nationality Act, the Administrative Procedures Act, and the Due Process Clause of the Fifth Amendment when they improperly revoked his parole.  (Am. Pet., 4–10.)  Second, he argues that his prolonged detention without a bond hearing violates the Due Process Clause.  (*Id.* at 10–15.)  Perez requests that the Court grant immediate release for the first claim or a bond hearing for the second claim.  The Court addresses each claim in turn.

### A.    Parole

Applicants for admission into the United States may be paroled into the country "for urgent humanitarian reasons or significant public benefit."  8 U.S.C. § 1182(d)(5)(A).  Under the governing regulation, humanitarian parole may be revoked "only if the purpose of parole is accomplished, or humanitarian reasons and the public benefit no longer warrant parole."  *Arias v. LaRose*, 2025 WL 3295385, at *3 (S.D. Cal. Nov. 25, 2025) (citing 8 C.F.R. § 212.5(e)).  Perez contends that the Respondents improperly revoked his humanitarian parole by not finding that the purpose of his parole was accomplished and

not providing reasons specific to Perez for terminating his parole. Furthermore, he contends this parole revocation deprived him of liberty without due process of law.

In federal habeas proceedings, "it is the petitioner who bears the burden of proving his case." *Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004). To argue that his parole was improperly revoked, Perez must establish that he received parole. Perez's amended petition states that

> he came to the U.S. border fleeing persecution in Venezuela and turned himself in to the border agents to apply for asylum. [Decl.] ¶ 2. He was held for three days and then released into the United States to apply for asylum. *Id.* As he understands it, he received parole. *Id.*

(Am. Pet., 2.) The amended petition cites Perez's declaration. Yet Perez's declaration simply states, "2. On June 17, 2023, I came to the United States border to apply for asylum." (Decl. ¶ 2.) The following paragraph begins, "3. On May 29, 2025, I went to immigration court for a hearing." (*Id.* ¶ 3.) Perez provides no evidence that he presented himself for inspection with border agents, was held for three days, and then was paroled into the country. Rather, the record suggests that he "entered the United States without inspection." (DHS Mot., 2.) The Respondents' motion in immigration court stated that they charged Perez as removable because he was a noncitizen[1] "present in the United States without being admitted *or paroled*, or who arrive[d] in the United States at any time or place other than as designated." (*See id.*) 8 U.S.C. § 1182(a)(6)(A)(i) (emphasis added). Perez later "conceded removability." (DHS Mot., 2.)

Perez has not demonstrated that he received parole. Therefore, he cannot bring a revocation of parole claim. The Court denies without prejudice the Petitioner's first claim and his request for immediate release without a bond hearing.

//

//

//

---

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien." 8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

26-cv-656

## B.      Bond Hearing

The Respondents concede Perez's second claim.  They "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (ECF No. 8 ("Return"), at 2.)

They stated this, however, in light of the class action *Maldonado Bautista v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Four days after the Respondents filed their brief, the United States Court of Appeals for the Ninth Circuit temporarily stayed the class action's judgment.  *See Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026).  Although the Respondents "reserve[d] the right to supplement this response in the event of a stay of enforcement of the *Bautista* final judgment [or] appellate relief," they have not supplemented their response.  (Return, 2.)

Proceeding on the merits, the Court finds that Perez is entitled to a bond hearing.  Perez was arrested in the interior of the country after residing here for almost two years.  "The overwhelming majority of courts . . . have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen in Petitioner's position who has resided in the United States for years."  *Lucas-Miguel v. LaRose*, 2025 WL 3251580, at *3 (S.D. Cal. Nov. 21, 2025).  The Court adopts the reasoning of *Lucas-Miguel* and its previous decision, *Amaya v. Noem*, 2025 WL 3182998 (S.D. Cal. Nov. 13, 2025), and rules likewise.  Perez is entitled to the writ of habeas corpus because he is "not an applicant for admission" and "may not be denied a bond hearing based on" the argument that he is detained under Section 1225.  *Amaya*, 2025 WL 3182998, at *2.

Accordingly, the Court grants the Petitioner's second claim and orders a bond hearing under Section 1226(a).  The individualized bond hearing must be before a fair, neutral, and open-minded immigration judge who is ordered to determine whether the Petitioner is a danger to the community or a flight risk and what bond conditions, if any,

26-cv-656

would be appropriate to ensure the Petitioner's appearance.  If the immigration judge denies bond, the judge must make specific findings as to why Perez is a flight risk or a danger to the community.

### III.  CONCLUSION

For the reasons stated, the petition for a writ of habeas corpus is **GRANTED IN PART** on the second claim.  The Respondents are ordered to grant Perez an individualized bond hearing before a fair, neutral, and open-minded immigration judge in accordance with the requirements ordered above.  The hearing must be held no later than April 2, 2026.  The first claim and the remedy of release without a bond hearing is **DENIED** without prejudice. The parties shall file a joint statement as to compliance with this writ and order and the result of the bond hearing by 5 p.m. on April 3, 2026.

The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated:  March 19, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

26-cv-656