# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ANTONIO PEREZ OROPEZA,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,<br><br>　　　Respondents. | Case No.:  3:26-cv-00656-BTM-DEB<br><br>**ORDER GRANTING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF NO. 27]** |

//

//

//

26-cv-656

In his first amended petition, Ali Antonio Perez Oropeza claimed that the Respondents violated the Due Process Clause of the Fifth Amendment by revoking his parole without notice and opportunity to be heard. (ECF No. 7, at 4–10.) The Court held that the Petitioner had not demonstrated that he received parole, denied this claim without prejudice, and granted his second claim that his detention without a bond hearing was unconstitutionally prolonged. (ECF No. 10, at 3–4.)

Perez Oropeza filed a second amended petition for the writ of habeas corpus on June 23, 2026. (ECF No. 27.) He raises both claims again. But this time he provides evidence that the Department of Homeland Security "paroled [him] into the U.S. pending immigration proceedings." (ECF No. 27-2, Ex. F ("I-213"), at 3.) The Respondents do not contest that the "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)." (ECF No. 28, at 2.) They acknowledge that this Court has granted petitions with similar facts and legal issues, and "do[] not oppose the petition nor an order from this Court directing release, subject to reasonable conditions of release." (*Id.*)

The Court analyzed the same issue in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), and *Zamudio Rangel v. LaRose*, No. 26-cv-01505, 2026 WL 1075244 (S.D. Cal. Apr. 20, 2026). The Court adopts its previous decisions and applies them here. The Court finds that the Petitioner was granted conditional parole after Border Patrol detained him upon entry and then released him into the country later that day. (I-213, at 3.) The Court also finds that, in light of the *Mathews v. Elridge* factors, the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Respondents' enforcement interest. *See* 424 U.S. 319, 334–35 (1976).

The Respondents violated the Petitioner's due process rights by "detaining [him] without justification." *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1158 (D. Minn. 2025); *cf. Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021). The Respondents did not give him notice of any reason for his detention or an opportunity to rebut it. Moreover, they do not contend that any changed circumstances warranted Petitioner's redetention or that the

2

Petitioner is a danger to the community or a flight risk.  Thus, the writ must issue to release him from custody.

The petition for a writ of habeas corpus is **GRANTED** on the first claim.  The writ is **ISSUED**.  The Respondents shall immediately release Perez Oropeza from custody on any preexisting conditions.  The Respondents shall return any property obtained from the Petitioner at the time of his arrest.  The Respondents are ordered to provide the Petitioner with any reporting requirements and a date for his next hearing before an Immigration Judge for his asylum claim.  The parties shall file a joint statement as to the satisfaction of the writ by June 26, 2026, at 5 p.m.  The Court retains jurisdiction to enforce the writ.

Because the Court grants the petition on the first claim, the Petitioner's claim that his continued detention without a proper bond hearing need not be reached.  Claim Two of the second amended petition is **DISMISSED** without prejudice as moot.  The evidentiary hearing and bond hearing set for July 6, 2026, at 12 p.m. is **VACATED**.

**IT IS SO ORDERED.**

Dated:  June 24, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

26-cv-656